IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

STEVEN RAY CASEY                                                                                           PLAINTIFF
ADC #106322

v.                                              3:23-cv-00114-KGB-JJV

MISSISSIPPI COUNTY SHERIFF DEPARTMENT; *et al.*                          DEFENDANTS

**ORDER**

Steven Ray Casey ("Plaintiff") is a prisoner in the Arkansas Division of Correction ("ADC") who alleges his constitutional rights were violated while he was in the Mississippi County Detention Center. He has filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis* ("IFP Application"). (Docs. 1, 2.)

I.      PROCEEDING *PRO SE*

Plaintiff is proceeding *pro se*, which means without the assistance of an attorney. The Court is sensitive to the fact that *pro se* litigants are not trained in the law and will give deference to them where the law requires. However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). For this reason, the Court will only consider claims properly pled in a complaint or in a superseding amended complaint. The Court will not consider claims stated in notices or other pleadings that fail to comply with the Federal Rules of Civil Procedure**. This means all allegations against all defendants must be included in one document that is labeled a complaint or amended complaint. Importantly, an amended complaint will replace the original complaint and render it without any legal effect.**

Plaintiff also must comply with the Local Rules of the Court. Of particular note to *pro se* plaintiffs is Local Rule 5.5(c)(2), which states:

1

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. **If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.** Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(c)(2) (emphasis added). And, Plaintiff should be aware of the three-strike rule, which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## II.     FILING FEE

The total cost for filing a civil action in federal court is $402, which includes a $350 statutory fee and a $52 administrative fee. A prisoner who does not seek or is denied *in forma pauperis* status must pay the full $402 fee immediately. However, if *in forma pauperis* status is granted, the $52 administrative fee is waived, and the prisoner must pay the $350 statutory fee in monthly installments taken from his or her institutional account. 28 U.S.C. § 1915(b); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). If the prisoner has sufficient funds, an initial partial filing fee is collected as soon as *in forma pauperis* status is granted, and the remainder of the fee is collected monthly. 28 U.S.C. § 1915(b)(1). The Court makes these determinations based on the financial information provided in an Application to Proceed *In Forma Pauperis* ("IFP Application") and a Calculation of Initial Payment of Filing Fee Sheet ("Calculation Sheet").

Importantly, if the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full fee will be collected, and no portion will be refunded to the prisoner.

Plaintiff has filed an IFP Application including a blank Calculation Sheet, which he claims jail officials refused to complete on April 4, 2023.  (Doc. 1.)  But, he was recently transferred to the ADC.  (Doc. 3.)  The Court must have the Calculation Sheet completed and signed by an authorized prison official to determine whether Plaintiff is entitled to proceed *in forma pauperis* and the amount of any initial partial filing fee.  Thus, the IFP Application is denied as incomplete, and Plaintiff will have thirty days to file a properly completed IFP Application and Calculation Sheet.

### III.  CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's IFP Application (Doc. 1) is DENIED as incomplete.

2. The Clerk shall mail an IFP Application and Calculation Sheet to Plaintiff.

3. Plaintiff must, **within thirty (30) days of the date of this Order**, either: (a) pay the full $402 filing fee; or (b) file a properly completed IFP Application and Calculation Sheet.[1]  Failure to do so may result in dismissal of this action without prejudice

DATED this 18th day of May 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff must complete and sign the IFP Application, while an authorized prison official must complete and sign the Calculation Sheet.